UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY JONES, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | NO. 3:07CV1040(MRK) |
| : | |
| THERESA LANTZ, COMMISSIONER : | |
| OF CORRECTION, et al., : | |
| : | |
| Respondents. : | |

## MEMORANDUM OF DECISION

Currently pending before the Court is Gary Jones's Application for a Writ of Habeas Corpus under 28 U.S.C. § 2254. *See* Application for a Writ of Habeas Corpus [doc. # 1]. In December 1992, Mr. Jones was convicted of attempted murder, first-degree assault, and criminal mischief after a jury trial in state court. He was sentenced to forty years, six months' imprisonment. After seeking relief multiple times from the state court system, Mr. Jones filed this request for federal habeas relief on July 9, 2007. After appointing counsel to represent Mr. Jones, the Court issued an order to show cause why the relief sought should not be granted. *See* Order [doc. # 13]. In response to the Court's Order to Show Cause [doc. # 13], Respondent filed a Motion to Dismiss [doc. # 19] arguing that Mr. Jones's application for federal habeas relief was barred by the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, 1217 (codified at 28 U.S.C. § 2244).

For the reasons that follow, the Court concludes that Mr. Jones's Application for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [doc. # 1] is time-barred under the AEDPA. The Court

therefore GRANTS Respondent's Renewed Motion to Dismiss [doc. # 19] and dismisses Mr. Jones's petition.

## I.

The facts of this case are relatively straightforward and undisputed. However, as an introduction, the Court provides a brief overview of the procedural history of Mr. Jones's case.

In November 1992, Mr. Jones was charged with attempted murder in violation of Conn. Gen. Stat. §§ 52a-49(a)(2) and 53a-54a; first-degree assault in violation of § 53a-59(a)(1); first-degree assault in violation of § 53a-59(a)(3); attempted escape in violation of § 53a-49(a)(2) and 53a-171; and, third-degree criminal mischief in violation of § 53a-117(a)(1)(A). In December 1992, a jury convicted Mr. Jones of attempted murder, one count of first-degree assault, and criminal mischief. The jury acquitted Mr. Jones of the other first-degree assault charge and the attempted escape charge. On January 19, 1993, the Connecticut Superior Court sentenced Mr. Jones to twenty years' imprisonment for the attempted murder and twenty years' imprisonment for the first-degree assault convictions and six months' imprisonment for the criminal mischief conviction. The sentences imposed were to run consecutively, not concurrently. Therefore, Mr. Jones was effectively sentenced to a period of imprisonment that totaled forty years and six months.

On February 5, 1993, Mr. Jones filed a motion to correct an illegal sentence under Connecticut Practice Book § 935 (now § 43-22) in the Superior Court, as well as a direct appeal of his conviction and sentence in the Connecticut Appellate Court. Mr. Jones argued that the trial court incorrectly imposed consecutive rather than concurrent sentences on the attempted murder and first-degree assault convictions. On February 23, 1993, the trial court held a hearing on the motion to correct Mr. Jones's sentence and denied the motion that same day. In addition, Mr. Jones had filed

an application for sentence review on January 27, 1993; that application also challenged the trial court's decision to impose consecutive sentences. The Sentence Review Division denied the application on November 3, 1993. Finally, on February 1, 1994, the Connecticut Appellate Court affirmed Mr. Jones's conviction and sentence in a *per curiam* opinion. *See State v. Jones*, 33 Conn. App. 934 (1994). Mr. Jones did not petition for certification to appeal the Appellate Court's decision to the Connecticut Supreme Court.

Over seven years later, on July 25, 2001, Mr. Jones filed a petition in state court for a writ of habeas corpus. On June 10, 2004, while his state habeas petition was still pending, Mr. Jones filed a second motion in the Superior Court to correct an illegal sentence. That motion again challenged the legality of Mr. Jones's consecutive sentence and specifically alleged that the sentence violated the Fifth and Fourteenth Amendments to the U.S. Constitution. On October 29, 2004, the state court denied Mr. Jones's habeas petition, and he did not appeal that determination. Mr. Jones's second motion to correct an illegal sentence was referred to a different judge from the one that had ruled on his original motion to correct. The new judge held a hearing on the motion on August 3, 2005, and denied Mr. Jones's second motion to correct on the merits. Mr. Jones appealed the decision denying his second motion to correct, and on December 19, 2006, the Connecticut Appellate Court affirmed on *res judicata* grounds, because the court concluded that Mr. Jones was advancing the same claim as he had pressed in his original direct appeal of his conviction and sentence. Accordingly, the Appellate Court stated that "we will not review the [merits of] defendant's claim." *State v. Jones*, 98 Conn. App. 695, 706 (2006). Mr. Jones then filed a petition for certification, which the Connecticut Supreme Court denied on February 13, 2007. On July 9, 2007, Mr. Jones filed this application for federal habeas relief.

As the Court stated, the parties do not dispute these facts, nor does Mr. Jones argue that he was in any way prevented from filing for federal habeas relief until July 2007, over fourteen years after his sentence was imposed. Rather, the parties disagree over which of these aforementioned dates is relevant for determining the timeliness of Mr. Jones's application under the AEDPA's one-year limitations period. Respondent argues that Mr. Jones's conviction and sentence became final as of February 21, 1994, the day on which the period for filing a petition for certification of appeal to the Connecticut Supreme Court expired. Absent other circumstances, Respondent contends that Mr. Jones must have filed for federal habeas relief by April 23, 1997, the last day of the one-year grace period for filing federal habeas challenges to finalized state court judgments following the enactment of the AEDPA.[1] Mr. Jones, on the other hand, argues that the relevant date for determining the timeliness of his federal habeas petition is February 13, 2007, the date on which the Connecticut Supreme Court denied his petition for certification to appeal the Appellate Court's decision regarding his second motion to correct an illegal sentence.

## II.

A petitioner may file for federal habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes a one-year limitations period on an

---

[1] For judgments that reached finality pre-AEDPA, the Second Circuit adopted a one-year grace period from the date on which the AEDPA became effective during which prisoners could file for federal habeas relief. *See Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998) (allowing prisoner filings until April 23, 1997).

application for a writ of habeas corpus: "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] As the Supreme Court has explained, "[Section] 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments. . . . This provision reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan v. Walker*, 533 U.S. 143, 179 (2001) (citation omitted). AEDPA's one-year limitations period "promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time." *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000); *see also Adkins v. Warden*, --- F. Supp. 2d --- , 2008 WL 4906162 (D. Conn. Nov. 14, 2008) (discussing the AEDPA's one-year limitations period and reviewing statutory and equitable tolling principles).

The parties dispute the meanings of "the date on which the judgment became final," "direct review," and "State post-conviction or other collateral review." But resolution of Respondent's motion to dismiss ultimately centers on whether the ruling on Mr. Jones's second motion to correct an illegal sentence is "the judgment" for purposes of § 2244(d)(1)(A). Although factually distinct, the U.S. Supreme Court's decision in *Burton v. Stewart*, 549 U.S. 147 (2007) (per curiam), provides

---

[2] AEDPA provides, however, that this one-year limitations period may be statutorily tolled for, among other reasons, the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

5

the principles that govern that determination. In *Burton*, the defendant was sentenced to 562 months of imprisonment in 1994 (1994 judgment). *See id.* at 149. He then moved for re-sentencing, and in 1996, he received a new sentence, though his sentence remained 562 months albeit imposed on different grounds (1996 judgment). *See id.* at 150. The defendant appealed the 1996 re-sentencing to the Washington Court of Appeals, which affirmed the defendant's conviction but remanded for re-sentencing. *See id.* In 1998, the defendant was re-sentenced again, this time to 562 months on the same grounds as the 1994 judgment (1998 judgment). *See id.* at 151. The 1998 judgment was affirmed on direct review and his state post-conviction challenges were rejected. *See id.* Burton also filed two federal habeas petitions, one in 1998, after the date on which the 1998 judgment was entered, and another in 2002. *See id.* at 151-52. The question that *Burton* raised was whether Burton's 2002 federal habeas petition (which challenged his 1998 judgment as an unconstitutional sentence) was a successive petition to his 1998 federal habeas petition (which challenged his 1994 convictions as unconstitutional) and thus required a certificate of appealability under § 2244(b) before the federal district court could entertain his action. *See id.* at 152-53.

To decide whether the 2002 petition was successive to the 1998 petition, the Supreme Court had to determine the judgment pursuant to which Burton was being held in state custody for each of the dates on which his federal habeas petitions were filed. The Supreme Court concluded that Burton's two petitions were successive because they both pertained to the same judgment under which he was being detained. *See id.* at 153. The Supreme Court stated that "[f]inal judgment in a case means sentence. The sentence is the judgment. . . . Accordingly, Burton's limitations period did not begin until both his conviction *and* sentence became final by the conclusion of direct review or the expiration of the time for seeking such review – which occurred well *after* Burton filed his

1998 petition." *See id.* at 156-57 (citation and quotation marks omitted).  Thus, the judgment pursuant to which Burton was being detained when each of his federal habeas petitions was filed was the 1998 judgment that occurred after his re-sentencing and was affirmed on direct review, not the 1994 judgment under which Burton was originally convicted and sentenced and from which he chose not to appeal.  *See id.* at 156.

Cases since *Burton* hold that the AEDPA limitations period runs from the date on which direct review of a re-sentencing or an amended sentence expires.  *See, e.g., United States v. Messervey*, 269 F. App'x 379, 381 (5th Cir. 2008) ("In light of *Burton*, we hold that in cases in which a defendant's conviction is affirmed on appeal but the case is remanded for re-sentencing, the defendant's conviction becomes final for limitations purposes under the AEDPA when [] both the conviction and sentence become final by the conclusion of direct review or the expiration of time for seeking such review."); *Stites v. Sec'y, Dep't of Corr.*, 278 F. App'x 933, 935 (11th Cir. 2008) (holding the AEDPA limitations period runs from date of an amended judgment and can be further tolled by any collateral review of that judgment); *Ferreira v. Sec'y, Dep't of Corrections*, 494 F.3d 1286, 1292-93 (11th Cir. 2007) (holding federal habeas petition timely because it was filed within one year of the petitioner's re-sentencing and amended sentence pursuant to his motion to correct his sentence); *Walker v. Perlman*, 556 F. Supp. 2d 259, 263 (S.D.N.Y. 2008) ("Here, the judgment became final for purposes of 28 U.S.C. § 2244(d)(1) on . . . the date on which the time to appeal from the state courts . . . amended sentence expired.").  Those courts do so because the language under the AEDPA refers to "a person in custody pursuant to the *judgment* of a State court" and, as *Burton* instructs, to determine what that "judgment" is, courts must look for the judgment of sentence under which the defendant is being detained at the time of the filing of his federal habeas petition.

In the case of a re-sentencing or an amended sentence, it is the new sentence that is the judgment of sentence under which the defendant is being detained. *See Burton*, 549 U.S. at 153 ("When Burton filed his first petition, the 1998 petition, he was being held in custody pursuant to the 1998 judgment, which had been entered some nine months earlier."); *Walker*, 556 F. Supp. 2d at 563 ("The 'judgment' that triggered the one-year statute of limitations became final when the corrected sentence pursuant to which prisoner was in custody became final, thereby making both his conviction and sentence final." (citing *Ferreira*, 494 F.3d at 1292-93)).

Under Connecticut Practice Book § 43-22, a defendant may file a motion to correct an illegal sentence, which is a state-specific mechanism whereby the sentencing court *may* render a new sentence. Mr. Jones necessarily argues that it is the mere authority of the trial court to re-sentence a defendant who asserts a colorable claim under Practice Book § 43-22, and the exercise of that discretion either for or against the defendant, that resets the AEDPA limitations period. Mr. Jones further argues that because the trial court's decision to grant or deny such a motion is an appealable judgment under Connecticut law, it is "the judgment" for purposes of 28 U.S.C. § 2244(d) and calculation of the AEDPA limitations period.

Mr. Jones relies on *Ferreira* in support of his position that a court's denial of a motion to correct resets the one-year statute of limitations because it constitutes "the judgment" for purposes of the AEDPA. However, Mr. Jones's reliance on *Ferreira* is misplaced because that decision adopts *Burton* and its proposition that "the judgment" is "the underlying conviction and most recent sentence that authorizes the petitioner's current detention." *Ferreira*, 494 F.3d at 1289. As Mr. Jones acknowledges in his brief, *Ferreira* further states that "*Burton* makes clear that the writ and AEDPA, *including its limitations provisions*, are specifically focused on the judgment which holds

the petitioner in confinement." *Id.* at 1293 (emphasis added); *see* Petr.'s Mem. of Law in Opp'n to Resp.'s Mot. to Dismiss [doc. # 25] at 7.

Here, the "judgment which holds the petitioner in confinement" is the original 1993 judgment of sentence. For unlike in *Burton* and *Ferreira*, each of Mr. Jones's two motions to correct his illegal sentence was denied. True enough, the Superior Court held hearings on both of Mr. Jones's motions to correct an illegal sentence and they considered the merits of his claims, but the courts never disturbed his original conviction and sentence. Mr. Jones was never re-sentenced or had his original sentence amended in any way. Moreover, the Connecticut Appellate Court effectively held that the Superior Court should never even have considered the merits of Mr. Jones's second motion to correct an illegal sentence because of the doctrine of *res judicata*.

The Court has no doubt that if the Superior Court had re-sentenced Mr. Jones upon the filing of his second motion to correct, his new sentence would become the relevant date for purposes of the AEDPA limitations period. For a motion to correct an illegal sentence can result in a new judgment of sentence that provides a new *date of judgment* for purposes of calculating the AEDPA's one-year limitations period – as occurred in *Burton* and *Ferreira*. However, that did not happen here, and that is what distinguishes Mr. Jones's case from all of the decisions on which he relies. *See Scarola v. Kelly*, No. 99cv4704, 2001 WL 849449, at *3-4 (S.D.N.Y. July 27, 2001) (in a pre-*Burton* case, holding a petitioner's federal habeas petition time-barred because, although his motion to vacate his sentence could be filed at any time, it did not restart the one-year AEDPA limitations period). There is no new date of judgment where the state court simply denies the motion to correct the original sentence.

Mr. Jones disagrees and argues that a new AEDPA limitations period should apply even

9

when the trial court simply reaffirms a previously imposed sentence because limiting federal habeas review to situations where the sentence is either increased or decreased "permit[s] a defendant who received a favorable outcome in state court to enjoy federal review, while prohibiting an unsuccessful defendant – who may be disadvantaged twice by a state court that erroneously reaffirms its own ruling – from being afforded federal review." Petr.'s Mem. of Law in Opp'n to Resp.'s Mot. to Dismiss Opp'n [doc. # 25] at 8 n.5. As Mr. Jones puts it, "[it does not] change the analysis that . . . the state court here did not re-sentence Mr. Jones, for that is a distinction without a difference." *Id*. at 7.

Mr. Jones is wrong – it is a distinction that makes all the difference in this case. It is precisely because the state court refused to revisit its prior ruling and re-sentence Mr. Jones that the judgment by which he is held in custody remains undisturbed. Nothing about the judgment pursuant to which Mr. Jones is being held in custody changed. The decision rejecting Mr. Jones's second motion to correct an illegal sentence was not itself a re-sentencing; it merely rejected Mr. Jones's claim that he should be re-sentenced, leaving his original sentence the sentence under which he is currently detained and thus the governing judgment of sentence for purposes of the AEDPA. Thus, there is no new underlying rationale to challenge and no new claims to raise that could not have already been heard by a federal court had Mr. Jones timely filed an application for a writ of habeas corpus before his one-year grace period expired on April 23, 1997. In that regard, the Court emphasizes that Mr. Jones had ample opportunity to challenge his sentence in federal court by way of a federal habeas petition. For whatever reason, he chose not to do so until over fourteen years after his original sentence was imposed. Nothing about the ruling rejecting his second motion to correct an illegal sentence should revive the long-expired AEDPA limitations period.

Mr. Jones further argues that a motion to correct an illegal sentence in Connecticut is a form of direct review that the Connecticut Supreme Court has recognized not as "ancillary to and derivative of a criminal action" but rather as "an integral, even though optional, part of a post conviction sentencing proceeding." *State v. Casiano*, 282 Conn. 614, 625 n.15, 627 (Conn. 2007).[3] However, *Casiano* also stated that a defendant "may seek to correct an illegal sentence either by way of a motion under Practice Book § 43-22 or via a direct appeal." *Id.* at 625 (citing *State v. Tabone*, 279 Conn. 527, 534 (2006)). Here, Mr. Jones did not treat his motion to correct an illegal sentence as a "alternate route to challenge the legality of his sentence," *id.*; rather, he took a direct appeal, filed a first motion to correct his sentence, and also filed a second motion to correct his sentence.[4]

More importantly, however, the terminology of "direct appeal" and "direct review" is inconsequential in this case. For the AEDPA applies to a habeas application by a person "in custody pursuant to *the judgment* of a State court" and uses "the date on which *the judgment* became final by the conclusion of direct review or the expiration of the time for seeking such review" as the relevant date for the running of its one-year limitations period. 28 U.S.C. § 2244(d) (emphasis

---

[3] Practice Book § 43-22 provides that the "judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." Practice Book § 43-22 is applicable to four categories of cases: (1) whether the sentence was within the permissible range for the crimes charged; (2) whether the sentence violates the prohibition against double jeopardy; (3) whether the computation of the sentence length and the imposition of concurrent or concurrent sentencing was proper; and (4) whether the proper sentencing statute was applied. *See State v. Lawrence*, 281 Conn. 147, 156-57 (2007).

[4] It is undisputed that Mr. Jones filed his second motion to correct an illegal sentence long after expiration of the AEDPA limitations period in 1997. The Court has no occasion to decide – and therefore does not decide – what the result would be had Mr. Jones filed his second motion to correct illegal sentence *before* the expiration of the AEDPA limitations period.

added). Whether something is on direct appeal, direct review, in post-conviction proceedings, or other collateral review simply alters how the limitations period is calculated. Under *Burton* and its progeny, "the judgment" is the conviction and sentence pursuant to which the petitioner is in state custody. Here, neither one of Mr. Jones's two motions to correct altered his judgment for purposes of the AEDPA. *See Bernard v. Hubert*, No.06-5748, 2008 WL 199864, at *3 (E.D. La. Jan. 18, 2008) (holding petition untimely despite petitioner's filing of a motion to correct an illegal sentence); *Violette v. Warden*, No. 07cv47, 2007 WL 3028414, at *2 (D.N.H. Oct. 15, 2007) (holding petition untimely because petition to correct illegal sentence did not "reset" or "revive" expired limitations period); *Kiger v. Morrison*, No. 2:07cv693, 2007 WL 2669735, at *1 (D. Nev. Sept. 4, 2007) (same).

Finally, where, as here, the original sentence is left undisturbed and the limitations period for filing a federal habeas petition has already long since expired, barring the filing of a federal habeas petition serves the "AEDPA's purpose to further the principles of comity, finality, and federalism." *Duncan v. Walker*, 533 U.S. at 178. This is particularly true since a Practice Book § 43-22 motion to correct an illegal sentence can be brought at any time, and may be (and often is) filed on multiple occasions. Therefore, Mr. Jones's argument, if accepted, would mean that a state court's conviction and sentence would never become final for purposes of the AEDPA's one-year limitations period, even if the state court rejects the motion on its merits time and again. Indeed, adopting Mr. Jones's position would allow a defendant held pursuant to a Connecticut state court judgment to return to federal court whenever a state court denied a successive motion to correct an illegal sentence. It would thus undermine AEDPA's principles of "comity, finality, and federalism" to apply a new limitations period that enables Mr. Jones to attack a state court judgment on which

he could have sought federal court review in 1994.  Mr. Jones's argument that the Court should be guided by the nature of the state court proceedings and the merits of his Practice Book § 43-22 claim finds no support in the case law and stands in stark contrast to both the readily identifiable date of judgment set forth in *Burton* and the aforementioned goals of the AEDPA.

"Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."  *Clay v. United States*, 537 U.S. 522, 527 (2003); *see Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (applying *Clay* to a motion brought under 28 U.S.C. § 2255).  As the U.S. Supreme Court recognized, "[the] Courts of Appeals have uniformly interpreted 'direct review' in § 2244(d)(1)(A) to encompass review of a state conviction by [the U.S. Supreme] Court."  *Clay*, 537 U.S. at 527 n.3.  Here, that finality occurred in 1994, not in 2007, and nothing in the AEDPA's language or the relevant case law counsels otherwise.

### III.

The Court is sympathetic to Mr. Jones's position.  He believes that he was illegally sentenced and is serving a much longer sentence than the Constitution permits.  Yet he had several state courts review his claim that a concurrent – not consecutive – sentence should have been imposed.  And he had ample opportunity to come to federal court for habeas review prior to April 23, 1997.  In "enacting AEDPA, Congress concluded that achieving finality is an important goal, even if that means limiting the ability of federal courts to reach the merits of a petitioner's application for habeas relief."  *Adkins*, 2008 WL 4906162 at *18 (citing *Calderon v. Thompson*, 523 U.S. 538, 554-55 (1998) ("In light of the profound societal costs that attend the exercise of habeas jurisdiction, we have found it necessary to impose significant limits on the discretion of federal

13

courts to grant habeas relief. . . . These limits reflect our enduring respect for the State's interest in the finality of convictions that have survived direct review within the state court system.")). To that end, Congress placed a one-year limitations period on filing federal habeas actions, subject to quite a number of statutory tolling exceptions that are inapplicable to Mr. Jones's case. The Court believes that adopting Mr. Jones's argument would be contrary to the language of the AEDPA, governing case law, and the underlying purposes of the AEDPA's limitations period.

Therefore, having carefully reviewed the record and having heard from counsel, the Court concludes that Mr. Jones's Application for a Writ of Habeas Corpus [doc. # 1] is time-barred. **The Court therefore GRANTS Respondent's Motion to Dismiss [doc. # 19]**. **The Clerk is directed to dismiss Mr. Jones's Application for a Writ of Habeas Corpus under 28 U.S.C. § 2254 and to close this case.**

The remaining issue is whether to grant a certificate of appealability ("COA"). For a COA to issue, Mr. Jones must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Jones need not show that he would prevail on the merits, but rather that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Rhagi v. Artuz*, 309 F.3d 103, 106 (2d Cir. 2002). However, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court believes that Mr. Jones's claims are time-barred under the AEDPA and does not believe that reasonable jurists would disagree. Therefore, the Court declines to issue a COA.

**If Mr. Jones wishes to appeal this Court's ruling, he must file his Notice of Appeal no later than 30 days from the date on which judgment is entered.** *See* **Fed. R. App. Proc. 4(a). "[E]ven where the District Court has declined to issue a COA, [the Second Circuit] may nonetheless issue a COA if petitioner can make the necessary showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."** *Rhagi*, **309 F.3d at 106 (internal quotations omitted) . The Court directs Mr. Jones's court-appointed attorney to file an appeal on Mr. Jones's behalf if he wishes to appeal this Court's ruling.**

                                        IT IS SO ORDERED.


                          /s/      Mark R. Kravitz
                               United States District Judge


**Dated at New Haven, Connecticut: January 9, 2009.**